# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: S.L. and T.L.**

**No. 13-0720** (Clay County 12-JA-142 and 12-JA-143)

**FILED**

January 17, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father filed this appeal, by counsel Kevin W. Hughart, from the Circuit Court of Clay County, which terminated his parental rights to the subject children by order entered on July 11, 2013. The guardian ad litem for the children, Barbara Harmon-Schamberger, filed a response in support of the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney Angela Alexander Waters, has also filed a response in support of the circuit court's order. Petitioner contends that the circuit court erred in adjudicating petitioner as abusive and neglectful and in terminating his parental rights without a post-adjudicatory improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2012, the DHHR filed the abuse and neglect petition that initiated the instant case. The petition stated that child T.L., three years old at the time, lived with her mother and another man, D.H., and that child S.L., one year old at the time, lived with Petitioner Father. The allegations of abuse and neglect in the initial petition were initially against the children's mother and her boyfriend only. However, in January of 2013, the DHHR filed an amended petition that included allegations of specific instances of abuse and neglect by petitioner against S.L. For instance, the amended petition alleged that petitioner smacked S.L. in the mouth and face to the point that they swelled, and alleged an instance in which S.L. was observed to have a cut and bleeding lip after being alone in the car with petitioner. When asked about this incident, petitioner allegedly stated that S.L. was "his f[***]ing daughter and he would do what he wanted to her." Petitioner waived his rights to a preliminary hearing.

At the adjudicatory hearing, petitioner's aunt testified about an occasion in which petitioner asked her to buy him a "Quick Flush" kit to "clean out his system" because Child Protective Services ("CPS") was at his home for a drug screen. The aunt further testified that S.L. was often not properly clean and that there were instances when S.L. threw fecal matter at petitioner or played in it. At the dispositional hearing, petitioner's CPS worker testified that petitioner had not been cooperative with the DHHR, as exhibited by his sporadic contact and failure to appear for scheduled appointments. By its dispositional order entered in July of 2013,

1

the circuit court terminated the parental rights of the subject children's parents. Petitioner now brings this appeal.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioner raises two arguments on appeal. First, petitioner argues that the circuit court erred when it found sufficient evidence to support its conclusion that petitioner had abused and/or neglected the children. Petitioner asserts that his aunt's testimony concerning alleged abuse and/or neglect was not corroborated by any other evidence or testimony. Second, petitioner argues that the circuit court erred when it denied petitioner a post-adjudicatory improvement period and terminated his parental rights to the subject children. Petitioner asserts that the circuit court denied his oral motion for a post-adjudicatory improvement period after only one month of services, which consisted only of referrals for substance abuse treatment and a psychological evaluation.[1]

Upon our review of the record, we find no clear error by the circuit court at adjudication. Pursuant to West Virginia Code § 49-6-12, a parent who wishes to participate in an improvement period must file a written motion and demonstrate by clear and convincing evidence that he or she will substantially comply with the terms of an improvement period. Under West Virginia Code § 49-1-3,

> "Child abuse and neglect" or "child abuse or neglect" means physical injury, mental or emotional injury, sexual abuse, sexual exploitation, sale or attempted sale or negligent treatment or maltreatment of a child by a parent, guardian or

---

[1] In one footnote of his appellate brief, petitioner asserts that he is not S.L.'s biological father but concedes that he did not raise this issue in circuit court. In a separate footnote, petitioner also asserts that the circuit court erred in adjudicating petitioner as the biological father of T.L. but provides nothing further in support of this assertion.

2

custodian who is responsible for the child's welfare, under circumstances which harm or threaten the health and welfare of the child.

W.Va. Code § 49-1-3(4) (2012). Moreover, West Virginia Code § 49-1-3(1)(A) defines an "abused child" as "a child whose health or welfare is harmed or threatened by: (A) A parent, guardian or custodian who knowingly or intentionally inflicts, attempts to inflict or knowingly allows another person to inflict, physical injury or mental or emotional injury, upon the child or another child in the home[.]"

Petitioner's brief recounts the testimony provided by his aunt at the adjudicatory hearing. Nothing in the record provided on appeal supports petitioner's assertions that the circuit court erred in adjudicating petitioner as an abusive and neglecting parent pursuant to the West Virginia Code. Our review further indicates that petitioner did not meet his burden, in accordance to West Virginia Code § 49-6-12, in proving by clear and convincing evidence that he would substantially comply with an improvement period. Accordingly, we find no error with the circuit court's denial of a post-adjudicatory improvement period.

We also find no error by the circuit court in ordering termination. "'Although parents have substantial rights that must be protected, the primary goal in cases involving abuse and neglect, as in all family law matters, must be the health and welfare of the children.' Syl. Pt. 3, *In re Katie S.,* 198 W.Va. 79, 479 S.E.2d 589 (1996)." Syl. Pt. 2, *In re Timber M.*, 231 W.Va. 44, 743 S.E.2d 352 (2013). Petitioner provides in his brief that, at the dispositional hearing, the CPS worker testified that petitioner had not cooperated with maintaining contact with the DHHR and had failed to appear for scheduled appointments. Nothing in the record disputes this testimony. Upon our review, we find that the circuit court's findings support its conclusions that there was no reasonable likelihood to believe that the conditions of abuse and neglect could be substantially corrected in the near future, and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

This Court reminds the circuit court of its duty to establish permanency for the children. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

> At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the children within twelve months of the date of the disposition order. As this Court has stated,

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedures for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be

strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

Syl. Pt. 6, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Moreover, this Court has stated that

> [i]n determining the appropriate permanent out-of-home placement of a child under *W.Va.Code* § 49-6-5(a)(6) [1996], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home can not be found.

Syl. Pt. 3, *State v. Michael M.,* 202 W.Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard,* 185 W.Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** January 17, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II